IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-2066-D

DENNIS MICHAEL WILKERSON, )
)
            Petitioner, )
)
v. ) **ORDER**
)
WARDEN LEU, )
)
           Respondent. )

On March 20, 2025, Dennis Michael Wilkerson ("Wilkerson" or "petitioner"), a federal inmate proceeding pro se, petitioned for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1]. Wilkerson argues that he is entitled to additional First Step Act earned time credits against his sentence for a seven-month period of time spent "in the SHU and transit" because he "had a minimum or low recidivism level." [D.E. 1] 6. Wilkerson also challenges a BOP policy limiting the number of days it applies to "halfway house date eligibility" calculations pursuant to the Second Chance Act. [D.E. 4-1] 3, 7–8. This claim arose after Wilkerson filed his petition. See id. at 3. On May 9, 2025, the court conducted a preliminary review under 28 U.S.C. § 2243 and allowed Wilkerson's petition to proceed. See [D.E. 5].

On June 30, 2025, Warden Leu ("Leu" or "respondent") moved to dismiss the petition [D.E. 11] and filed a memorandum in support [D.E. 12].[1] On July 1, 2025, the court notified

---

[1] Leu cites Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) in support of his motion to dismiss. See [D.E. 11]. Wilkerson admits that he did not exhaust administrative remedies before filing the petition. See [D.E. 1] 3. Thus, the court assumes without deciding that Rule 12(b)(6) provides the proper framework. Cf. Barragan v. Knight, No. CV 0:21-308, 2021 WL 2550498, at *1–2 (D.S.C. June 22, 2021) (unpublished), report and recommendation adopted as

Wilkerson of the motion, the consequences of failing to respond, and the response deadline [D.E. 13]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On July 25, 2025, Wilkerson responded in opposition [D.E. 14]. On September 11, 2025, Wilkerson supplemented his response [D.E. 15]. Wilkerson moves for his release from incarceration [D.E. 16]. As explained below, the court dismisses Wilkerson's petition and denies Wilkerson's motion for release.

In 2015, Wilkerson responded to two internet advertisements that an undercover FBI agent posted offering sexual encounters with 12-year-old girls in exchange for money. See United States v. Wilkerson, 702 F. App'x 843, 845–46 (11th Cir. 2017) (per curiam) (unpublished). A jury convicted Wilkerson of two counts of attempting to induce a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b), and the court sentenced him to 210 months' imprisonment. See id. at 845.

Wilkerson's projected release date is January 13, 2029. See BOP Inmate Locator, https://www.bop.gov/inmateloc (search by inmate number) (last visited Dec. 5, 2025). According to Wilkerson, if the BOP would properly calculate his First Step Act credits, he was due for release in August 2025. See [D.E. 1-1] 8; [D.E. 16]. On February 28, 2025, Wilkerson submitted an informal grievance seeking additional First Step Act credits, which was denied on March 4, 2025. See [D.E. 1] 2; [D.E. 1-1] 1; [D.E. 10-1] 3. On March 6, 2025, Wilkerson submitted a formal grievance seeking the same relief. See [D.E. 1] 3; [D.E. 1-1] 2; [D.E. 10-1] 2; [D.E. 15] 8. Eight

---

modified by 2021 WL 5086257 (D.S.C. Nov. 2, 2021) (unpublished); Wise v. Warden, FCI McDowell, No. 1:20-CV-59, 2020 WL 6371136, at *8 (S.D. W. Va. July 10, 2020) (unpublished), report and recommendation adopted, 2020 WL 6370723 (S.D. W. Va. Oct. 29, 2020) (unpublished); Dowd v. Smith, No. 5:18-HC-2084, 2018 WL 6492951, at *2 (E.D.N.C. Dec. 10, 2018) (unpublished).

2

days later, Wilkerson signed his section 2241 petition and argued that exhaustion was futile in light of his imminent release date. See [D.E. 1] 3, 8.

On May 13, 2025, Leu responded to Wilkerson's grievance and informed Wilkerson that he had "20 calendar days from th[at] date" to appeal to the Regional Director. See [D.E. 10-1] 1; [D.E. 15] 7. On June 16, 2025, Wilkerson appealed, but the regional office rejected the appeal as untimely. See [D.E. 15] 5–6. On July 15, 2025, Wilkerson submitted a second regional appeal, which was also rejected. See id. at 3–4. Wilkerson contends that his appeal was delayed because he "didn't receive the warden's response . . . until about two weeks after he signed off," he could not access the proper appeal form for a week, and "the institution went on lockdown for almost a week." Id. at 4; see also id. at 6.

Federal Rule of Civil Procedure 12(b)(6) tests whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

A prisoner challenging the execution of his sentence generally must exhaust administrative remedies before seeking habeas relief in federal court. See Timms v. Johns, 627 F.3d 525, 530–33 (4th Cir. 2010); Rodriguez v. Ratledge, 715 F. App'x 261, 265 (4th Cir. 2017) (per curiam) (unpublished). The BOP has a four-step administrative process to address prisoner complaints. See 28 C.F.R. §§ 542.13–15; Hill v. Haynes, 380 F. App'x 268, 269 n.1 (4th Cir. 2010) (per

3

curiam) (unpublished). The final step is an appeal "to the Central Office of the BOP using a BP-11 form." Hill, 380 F. App'x at 269 n.1; see 28 C.F.R. § 542.15(a).

Wilkerson fails to plausibly allege an adequate excuse for his failure to exhaust. See, e.g., Beltran v. Holzapfel, No. 5:23-HC-2223, 2024 WL 150608, at *2 (E.D.N.C. Jan. 12, 2024) (unpublished) (collecting cases); Brewer v. Warden, FCI Edgefield, No. CV 4:22-1896, 2022 WL 18717554, at *3 (D.S.C. Dec. 9, 2022) (unpublished), report and recommendation adopted, 2023 WL 2025145 (D.S.C. Feb. 15, 2023) (unpublished). "Simply because [Wilkerson] stated without any supporting facts that the grievance procedure is unavailable or results in futility due to BOP's practices, this Court cannot excuse the administrative exhaustion requirement." Feagin v. F.C.I. Beckley Warden, No. 5:24-CV-743, 2025 WL 2621805, at *4 (S.D. W. Va. Aug. 4, 2025) (unpublished), report and recommendation adopted, 2025 WL 2618970 (S.D. W. Va. Sept. 10, 2025) (unpublished); see Wilkerson v. Ma'at, No. 2:22-CV-2522, 2022 WL 17491383, at *2 (W.D. La. Nov. 8, 2022) (unpublished), report and recommendation adopted, 2022 WL 17491230 (W.D. La. Dec. 7, 2022) (unpublished); cf. Griffin v. Bryant, 56 F.4th 328, 335–36 (4th Cir. 2022); Gonzalez-Morales v. Farley, No. CIV-19-9, 2019 WL 4237759, at *3 (W.D. Okla. Sept. 6, 2019) (unpublished) (collecting cases). Accordingly, the court grants respondent's motion to dismiss.

After reviewing Wilkerson's petition, the court finds that reasonable jurists would not find the court's treatment of Wilkerson's petition debatable or wrong and that the petition does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

In sum, the court GRANTS respondent's motion to dismiss [D.E. 11], DENIES petitioner's motion for release [D.E. 16], and DISMISSES WITHOUT PREJUDICE petitioner's application

4

for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1]. The court DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 8 day of December, 2025.

*JAMES C. DEVER III*
United States District Judge